## Commonwealth v. Penn

*Harold F. Kerchner*, District Attorney, for Commonwealth.

*Joseph Gale, Jr.*, for defendant.

CRYTZER, J., March 6, 1958.—William T. Penn, of Shickshinny, was charged by a police officer in Juniata County with speeding from the vicinity of McAlisterville to Mifflintown at 105 miles per hour, racing with a Cadillac automobile over much of this eight to nine mile stretch of road, with failing to stop at the siren and signals of a police officer and with making a bad pass. He was also charged by a police officer in Mifflintown Borough with reckless driving; all of these offenses were alleged to have occurred July 4, 1957.

The required notice on the reckless driving charge, including the information, was mailed to him by certified mail on July 12, 1957, received by him three days later and the notices and information on the other three charges were mailed him by registered mail July 19, 1957, and received by him three days later; thereafter he failed to make any response or to make an appearance, and warrants had to be issued for his apprehension; these were sent by the Sheriff of Juniata County to the office of the Sheriff of Luzerne County.

Subsequently, on August 29, 1957, defendant appeared with counsel and attempted to have the prosecutors withdraw some or all of the charges. Upon their refusal to do so, defendant and his counsel posted bail for hearing before the court, waiving the hearings scheduled before the justices of the peace.

The time for hearing was set, and shortly before the said fixed date, defendant's counsel requested a continuance due to prior commitment by him to appear in another jurisdiction. The continuance was allowed by this court and, finally, on December 5, 1957, defendant and his counsel appeared before the court and hearing was held on the waived charges.

The Commonwealth presented its evidence and

established beyond any doubt that the operator of the motor vehicle was guilty of all the offenses as charged. Thereupon, defendant for the first time under oath denied operation of his motor vehicle at the time and place of the alleged offenses. His employe, Edgar R. Spenser, then took the stand and under oath admitted that he was the operator of defendant's Mercury automobile at the time and place when the offenses charged occurred. While there was some evidence of women in this automobile as well as the Cadillac with which they were racing and some evidence that defendant actually occupied the back seat of the said automobile at the time and place of the alleged offenses, defendant insisted that he had left Selinsgrove with a racing car and had taken it to Port Royal for the purposes of preparing it for an evening race.

The Vehicle Code of May 1, 1929, P. L. 905, sec. 1209, as set out in 75 PS §739, provides that the license tag attached to the vehicle is prima facie evidence that the owner of the vehicle as disclosed by the said tag was the operator of the motor vehicle. The police officers, unable to catch the terrifically speeding vehicle, were entirely right in charging defendant with being the operator. Of course, an information had to be made within 15 days from the date of the alleged summary offenses. When defendant by studied neglect and direct disobedience evaded prosecution until the time limit had expired, his employe then apparently assumed that no prosecution could be laid against him. The County of Juniata was put to considerable expense and the prosecution and the court to extensive time and efforts in finally having the case heard and determined.

What defendant and his counsel overlooked was that under The Vehicle Code the accused could have filed a simple statement under oath that he was not the operator of the vehicle at the time of the motor vehicle's infractions, named the actual operator, and thus have

514

all charges against him dropped forthwith, eliminating any inconvenience or expense against him. This he studiously evaded. The complementary provision is that if the accused testifies under oath at a hearing that he was not the operator and names the operator, then the prima facie evidence that he was the driver is thereby overcome. If innocent, all that defendant had to do was to take the affidavit as set forth in The Vehicle Code and mail it to the magistrate, the district attorney or the court.

It is rare that a road with the hazards of the Mc-Alisterville-Mifflintown two-lane macadam highway could serve as a race track for motor vehicles at speeds exceeding 100 miles an hour on the afternoon of July 4th, a legal holiday which probably sees more traffic than any other day in the year, without creating horrible carnage, disaster and death. Even upon entering the town where children were playing on the nearby sidewalk, the one vehicle skidded from side to side for 159 feet, threw stones and chips on the sidewalk, lawns and further and threatened every one in the vicinity.

This court hesitates to set a precedent by the order it is about to make. However, common justice demands that attempted "clever" evasions of the statutes of Pennsylvania should not be rewarded at the expense of taxpayers of any community. Therefore, the court makes the following

*Order*

And now, March 6, 1958, William T. Penn, defendant in the above actions, is found not guilty but is directed to pay the costs of the within actions, which costs were engendered solely by his studied failure to comply with the statutory provisions in such cases.